**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 9, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51286
Summary Calendar

_____

PRINCE S. J. WEBBER,

Plaintiff-Appellant,

versus

U. S. PAROLE COMMISSION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-428-PRM
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Prince S. J. Webber, federal prisoner # 04349-000,
("Webber") appeals the denial of his petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2241.  Webber's petition
sought relief from a decision of the United States Parole
Commission rescinding a presumptive parole date of September 13,
2003, and continuing his incarceration to a presumptive parole
date of September 13, 2005, on the basis of new and significant
adverse information.  The district court denied Webber's motion
to appeal in forma pauperis ("IFP") and certified that the appeal

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a). Webber has filed a motion for leave to appeal IFP, thereby challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Webber also has filed a motion for appointment of appellate counsel. The counsel motion is DENIED.

Webber's appellate issues do not involve legal points that are arguable on their merits. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Contrary to his assertions, the record reflects that the Commission's decision was based on new and significant adverse information because Webber had failed to comply with a condition to the 2003 presumptive parole date. The Commission complied with the parole statutes in summarizing a psychological report at the hearing and withholding from Webber a copy of the full report. Webber has made no cogent argument that he was prejudiced by the Commission's alleged failure to comply with statutory deadlines. Webber's other arguments are incomprehensible and therefore any other issues are deemed abandoned. See United States v. Cothran, 302 F.3d 279, 286 n.7 (5th Cir. 2002).

Webber's IFP motion is DENIED and this appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 & n.24.

MOTIONS DENIED; APPEAL DISMISSED.